CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 4 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | | |
|---|---|---|
| HUI KUN LI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:14-cv-00030 |
| | ) | |
| v. | ) | |
| | ) | By:   Michael F. Urbanski |
| JOHN E. SHUMAN, et al., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the court on plaintiffs' motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 52. The court previously issued a Memorandum Opinion and Order dismissing with prejudice Counts 5, 6, and 8 (individual claim) and dismissing without prejudice Counts 3, 4, 7, 8 (derivative claim), 9, 10, 11, 12, 13, and 14 of plaintiffs' complaint. ECF Nos. 50 & 51. Plaintiffs ask the court to reconsider its dismissal of these claims. For the reasons stated below, plaintiffs' motion will be **DENIED**.

### I.

Plaintiffs filed their motion for relief from judgment pursuant to Rule 60(b)(6),[1] which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief."

---

[1] Because it was filed within twenty-eight days of entry of the court's order, this motion may have more appropriately been styled as a Rule 59(e) motion to alter or amend a judgment. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4). Plaintiffs' motion would fare no better under a Rule 59(e) analysis, however. A Rule 59(e) motion "is considered to be 'an extraordinary remedy that should be used sparingly.'" Lee v. Zom Clarendon, L.P., 665 F. Supp. 2d 603, 615-16 (E.D. Va. 2009) (quoting Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)), aff'd sub nom. Sun Yung Lee v. Clarendon, 453 F. App'x 270 (4th Cir. 2011). Indeed, it is well settled that "Rule 59(e) 'may not be used to relitigate old matters' or to 'raise arguments which could have been raised prior to the issuance of the judgment.'" O'Connor v. Columbia Gas Transmission Corp., 643 F. Supp. 2d 799, 810 (W.D. Va. 2009) (quoting Pac. Ins. Co., 148 F.3d at 404). "In other

While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). As Chief Justice Rehnquist noted in his separate opinion in Liljeberg:

> Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for any "reason justifying relief from the operation of the judgment." However, we have repeatedly instructed that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reason" clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved. 486 U.S. at 873, 108 S.Ct. 2194 (Rehnquist, C.J., dissenting) (citations omitted). To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b), 50(d), 52(b), 59(b), 59(d), 59(e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring generally that appeals be filed within 30 days after judgment).

Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011). Thus, the reasons for which a court can grant relief under Rule 60(b)(6) are limited. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). The Fourth Circuit has made clear that a Rule 60(b)(6) motion cannot serve as a substitute for a timely appeal. Id.; see also Aikens, 652 F.3d at 501.

---

words, a motion for reconsideration under Rule 59(e) is inappropriate if it asks the court to 'reevaluate the basis upon which it made a prior ruling' or 'merely seeks to reargue a previous claim.'" Projects Mgmt. Co. v. DynCorp Int'l, LLC, No. 1:13-CV-331, 2014 WL 1513267, at *1 (E.D. Va. Apr. 15, 2014) (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997)).

## II.

In their Rule 60(b) motion, plaintiffs object to the June 16, 2015 Order dismissing Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 of the complaint and ask for reconsideration of the court's ruling. Plaintiffs advance arguments and cite evidence in an effort to demonstrate that the court erroneously dismissed these claims.

As it applies to the court's dismissal of Counts 3, 4, 7, 8 (derivative claim), 9, 10, 11, 12, 13, and 14 of the complaint, plaintiff's motion fails, as the court's ruling is not a "final judgment, order or proceeding" from which plaintiffs can seek relief under Rule 60(b). A dismissal without prejudice is not a final order subject to appeal unless "the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case . . . ." Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir. 1993); see 28 U.S.C. § 1291.

Evaluating the particular grounds for the dismissal of Counts 3, 4, 7, 8 (derivative claim), 9, 10, 11, 12, 13, and 14 leads the court to conclude that its June 16, 2015 Order was not a final one. The court dismissed without prejudice Counts 3, 4, 7, 8 (derivative claim), 9, 10, 13, and 14 (derivative claim) because plaintiffs failed to allege they had standing to bring the claims derivatively on behalf of Mimosa Asian Fusion, LLC and failed to establish that they had met the statutory requirements for doing so. In addition, Count 7, alleging a violation of Virginia Code § 13.1-1036, was dismissed without prejudice because the complaint failed to allege the existence of either articles of organization or an operating agreement or allege that defendant John Shuman had received a distribution from Mimosa Asian Fusion, LLC in violation of Virginia Code § 13.1-1035, as required by the statute. The court dismissed without prejudice counts 11 and 12 because the complaint did not sufficiently state a claim for fraud, as it contained no allegations as to when or where the alleged misrepresentations were made, nor any other detail concerning the nature of the alleged misrepresentations. Count 14 (individual claim) failed to plead the requisite concert of action for a

3

conspiracy claim and was likewise dismissed without prejudice. In fact, the complaint contained no allegation whatsoever that defendants combined, associated, agreed or otherwise conspired to injure plaintiffs. Finally, Count 13 was dismissed without prejudice because the allegations were insufficient to state a claim for gross negligence.

The grounds for dismissal of these claims set forth in the court's June 16, 2015 Memorandum Opinion establish that proper amendment of the complaint would permit plaintiffs to continue this litigation. Accordingly, the court gave plaintiffs the opportunity to amend, and an amended complaint has been filed. See ECF No. 53. Whether or not plaintiffs' amended complaint in fact cures the defects in Counts 3, 4, 7, 8 (derivative claim), 9, 10, 11, 12, 13, and 14 remains to be seen. However, for purposes of this Rule 60(b) analysis, the court's dismissal of those counts does not operate as a final judgment or order from which relief can be granted.

In any event – and as plaintiff's motion applies to the dismissal with prejudice of Counts 5, 6, and 8 (individual claim), which does operate as a final judgment – plaintiffs' motion fails to identify any extraordinary circumstances warranting relief under Rule 60(b)(6). Simply put, plaintiffs argue that the court got it wrong. This is not a proper basis for a motion for relief from judgment under Rule 60(b)(6). This rule does not give plaintiffs an avenue to reassert previously raised arguments and introduce new ones in an effort to get the court to reevaluate its ruling. Plaintiffs' disagreement with and objections to the court's June 16, 2015 Memorandum Opinion and Order are properly directed to the Fourth Circuit on appeal, not to this court in a post-judgment motion. Accordingly, plaintiff's motion will be **DENIED**.

An appropriate Order will be entered.

Entered: 07 - 14 - 15

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

4